## J. R. WARREN V. THE STATE.

No. 22688. Delivered December 22, 1943.

The opinion states the case.

*J. A. Johnson,* of Stephenville, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Ausin, for the State.

GRAVES, Judge.

Appellant was charged with felony theft, and upon conviction was awarded a penalty of two years in the State penitentiary.

The facts show that 40 boxes of cigars consigned by freight to J. A. Stockton at Stephenville, Texas, were by a truck driver for the Santa Fe Railroad, early in the morning, placed on the sidewalk in front of the store of Mr. Stockton, which was also occupied by Mr. Flanery. The box containing such cigars had plainly marked thereon its supposed contents, and J. A. Stockton's name.

The indictment contained seven counts, but the court only submitted to the jury the first count thereof.

There is but one bill of exceptions in the record, and that relates to the charge of the court, and it is contended that because the testimony shows that these allegedly stolen cigars were contained in 40 small cigar boxes, each containing only 50 cigars, and each small box being of the value of $2.25, and the fact being shown that such small boxes were concealed within the larger box, that the court should have instructed the jury that before they could convict appellant they should find that he had knowledge of the amount of property concealed in such large box, and the value thereof; or, in other words, that the appellant knew the contents of the large box and its value. We do not think it to be necessary to show that the appellant, at the time he took the box containing the cigars, knew what the contents of such box was, nor the probable value thereof. When he committed the unlawful act, he was charged with the consequences thereof, it being his misfortune perhaps that the amount of property thus taken was valued at more than fifty dollars.

Again, it was contended that Mr. Stockton was not in possession of such goods at the time of their taking. Stockton testified that in the delivery to him of freight it was customary that same would be placed on the sidewalk in front of his place of business, as this shipment was shown to have been placed. He testified that "Merchandise left out in front of my place was in my possession, management and control; nobody else had any right or permission to do anything with the stuff that was left out there in the front of that store."

The first count in the indictment alone was submitted to the jury, it being the one alleging the taking from the possession of J. A. Stockton without his consent, etc., and we think the trial court was correct in thus submitting the same to the jury. We think Mr. Stockton was in possession of such box of cigars at the time it was taken.

We see no error in the record, and the judgment is therefore affirmed.